## KELSO HOLLOWAY v. THE STATE.

### No. 4359.   Decided March 31, 1917.

**Occupation—Intoxicating Liquor—Attorney and Client—Affidavits—Newly Discovered Evidence.**

Where the affidavits attached to the motion for new trial were sworn to before defendant's attorney in the trial court, they could not be considered on appeal; besides, the motion showed no merit, and the want of sufficient diligence of the alleged newly discovered evidence.

Appeal from the District Court of Lamar.   Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquor in local option territory; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*W. E Calvin,* for appellant.

*E B. Hendricks,* Assistant Attorney General, for the State.—On question of swearing before defendant's attorney to affidavits:   Maples v. State, 60 Texas Crim. Rep., 169; Patterson v. State, 63 id., 297.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of pursuing the business of selling intoxicating liquors in local option territory, his punishment being assessed at three years confinement in the penitentiary.

There are no bills of exception in the record.   There are two affidavits attached to the motion for new trial setting up some equitable grounds why a new trial should be awarded.   It is unnecessary to discuss them for the reason they were sworn to before the attorney who defended appellant in the trial court.   Under the decisions of this court this is not permissible.   But in any event the testimony shows that one or more of the defendant's witnesses, and among others his wife, knew of the presence of the two affiants at her husband's house at the time the two sales were made.   These sales occurred at different times.   Both affiants say they were present at the time but practically deny the sales. They were not placed upon the stand as witnesses.   Appellant in his motion for new trial states under oath that he did not know he could prove these facts by the witnesses; that one or perhaps both of them refused to talk to him or his counsel in regard to the transaction.   One of the affiants, Mr. Strickland, states in his affidavit that he was present and would now testify that the State's witness, who was with him, did not state the facts as they occurred at the time of the alleged purchase. In other words, his testimony would go to show that such a purchase did not occur.   He was present at the trial but not used.   Dowd, the other affiant, could have been secured.   These witnesses could have been used during the trial as fully shown by this record.   Appellant's wife proved

an alibi for him at the time of the alleged sale, but shows Strickland was present at the time one of the witnesses states he bought it. Under all of these circumstances we do not believe there was sufficient diligence shown, and that the affidavits in any event could not be used because sworn to before appellant's attorney. It is unnecessary, we think, to sum up the testimony. The State made a case of sufficient importance and strength to justify the verdict.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*